FILED
2006 Jul-10 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY PIAZZA,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] CV-06-BE-00730-S |
| | ] |
| **HERBERT WEHBY; et al.,** | ] |
| | ] |
| **Defendants.** | ] |

### MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Defendant Board of Trustees of the University of Alabama's ("the Board")[1] Motion to Dismiss (doc. 9).  For the reasons set forth in this Memorandum Opinion, the court finds that the Motion is due to be **GRANTED**.

### BACKGROUND

As appropriate for a Motion to Dismiss, the following allegations are taken as true and viewed in the light most favorable to Plaintiff:

On August 1, 2005, Plaintiff Anthony Piazza sued Defendants Herbert Wehby, Josephine Wehby, Pi Kappa Phi fraternity, Wyatt Brown, the Board, the City of Birmingham, and various fictitious parties for nuisance and loss of enjoyment claims.  These claims stem from the disruptive activities on the part of tenants who occupy the rental property across the street from Plaintiff's house.  Plaintiff avers that the tenants' activities, which include hosting fraternity parties, have injured him in various ways, and he seeks declaratory relief and monetary damages.

---

[1]The Board of Trustees of the University of Alabama was substituted for the University of Alabama at Birmingham by order of Judge William Noble dated November 8, 2005.  *See* docket entry dated May 3, 2006.

This action was filed in the Circuit Court of Jefferson County and was removed to this court on the basis of federal question jurisdiction when Plaintiff amended the Complaint and alleged a constitutional claim.

With respect to the Board specifically, Plaintiff's original Complaint averred that the Board

> had continuing knowledge of the [complained of] activities and have failed and refused to alleviate or otherwise remove said nuisance activities from said premises and have, therefore, by their willful and intentional, indifference, inconsideration, and inaction have proximately caused and allowed said nuisance to continue.[2]

Further, the Amended Complaint alleges that the Board "deprived, and conspired to deprive" Plaintiff of his constitutional rights.[3] Plaintiff claims that the Board

> knowingly, intentionally, and with regardless [sic] disregard and indifference for the rights of the Plaintiff, allowed, approved, sanctioned, and condoned the nuisance activities complained of in Plaintiff's complaint...[and that the Board's] official acts, decisions, policies and conduct were done under color of State law...[and the] official acts, decisions, policies and conduct was unlawful and illegal, and was a denial of a clear legal right owed to the Plaintiff or was beyond their official lawful authority.[4]

Plaintiff demands judgment against the Board for $10,000,000.00, injunctive relief, and attorney's fees and costs.

## STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for

---

[2]Compl., ¶ 13.

[3]Doc. 1, Ex. A, Amend. Compl., ¶ 23.

[4]*Id.*, ¶¶ 24-25.

failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be proved consistent with the allegations of the complaint. *See Id*. at 735. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36.

## DISCUSSION

The Eleventh Amendment to the U.S. Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court of the United States has construed the Eleventh Amendment as barring suits by private parties when the damages must be paid by the state treasury. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "This rule applies whether the action is instituted against a state, a state agency or instrumentality, or a state official." *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985). Moreover, the Eleventh Circuit has determined that a board of trustees for a state university is a state agency or instrumentality protected by the Eleventh Amendment. *See Id*. at 1163-64, citing *Massler v. Troy State Univ.*, 343 So.2d 1 (Ala. 1977); *Ellison v. Abbott*, 337 So. 2d 756 (Ala. 1976). Because the Board is a board of trustees for the University of Alabama, it argues that it is immune from Plaintiff's federal claims.

The Board also states that it is protected from Plaintiff's state law claims pursuant to Article I, § 14 of the Alabama Constitution of 1901, which provides that "the State of Alabama

3

shall never be made a defendant in any court of law or equity." This sovereign immunity has been extended to the University of Alabama Board of Trustees by the Alabama Supreme Court. *See Hutchinson v. Board of Trustees for the Univ. of Ala.*, 256 So. 2d 281, 284 (Ala. 1971). Consequently, the Board contends that it is immune from any state law claim in this case.

Plaintiff cites *Ex Parte Carter*, 395 So. 2d 65 (Ala. 1981) for the proposition that the Alabama Supreme Court "has recognized that there are certain established exceptions to the protection afforded the state or its agencies by sovereign immunity."[5] In *Carter*, the plaintiff sued the Commissioner of the Department of Conservation, seeking compensation for 243 raccoons, which he claims were taken for public use. *Carter*, 395 at 66-67. The trial court held, and the Court of Civil Appeals affirmed, that the action was a suit against the state and was barred by Art. I, § 14 of the Alabama Constitution. *Id*. at 67. The Supreme Court of Alabama granted certiorari, and upheld the decision of the Court of Appeals. *Id*. In doing so, however, the court recognized four general actions that are not protected by § 14: "(1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act...." *Id*. at 68.

Plaintiff contends that the first of these exceptions apply to the Board; specifically, that the Board (1) failed to perform its legal duty to not cause harm or injury to Plaintiff or his property, and (2) failed to protect Plaintiff from harm and injury to property. As authority for these legal duties, Plaintiff cites to Alabama Code § 16-47-10 as providing that

> [t]he president of the university may appoint or employ one or more suitable persons to act as police officers to keep off intruders and prevent trespass and damage to the property of the university. Such person shall be charged with all

---

[5]Resp., p. 4.

the duties and invested with all the powers of police officers. The officer may eject trespassers from the university buildings and grounds. The officer may, without warrant, arrest persons who commit disorderly conduct, or trespass on the property of the institution, or in any circumstance in which an arrest by a police officer without a warrant is authorized by law, and carry them before the nearest district court or municipal court charged with the trial of such offenders. Upon proper affidavit charging the offense, the person arrested may be tried by the court and convicted as in case of persons brought before the court on warrant.[6]

Plaintiff also cites to Alabama Code § 16-47-11 as authorizing university police officers to "make arrests otherwise lawfully for crimes committed, or for which there is probable cause to believe have been committed, within his presence or within the boundaries of said property owned or leased."[7] In essence, Plaintiff argues that the Board, through its administrative officials and police officers, failed to carry out these duties.

Plaintiff's arguments are not persuasive for two reasons. First, Plaintiff failed to offer any argument to counter the Board's Eleventh Amendment immunity. Consequently, the court finds that the Board's Motion to Dismiss is due to be **GRANTED** on all federal claims.

Second, Plaintiff's citation to the Alabama Code sections authorizing the creation of university campus police is insufficient to show that any of the exceptions in *Ex Parte Carter* apply, primarily because these statutes do not create an affirmative duty on the Board to not cause injury to Plaintiff. Notwithstanding language in these statutes that enable campus police officers to act as peace officers outside the physical boundaries of state university property, Plaintiff does not establish how the Board, through these officers, owe him any legal duty at all – particularly when Plaintiff does not live on any state university campus. Moreover, *Ex Parte Carter* is not particularly persuasive authority for Plaintiff since that case dealt with an inverse

---

[6]Ala. Code § 16-47-10 (1975).

[7]Ala. Code § 16-47-11 (1975).

condemnation action and resulted in the dismissal of the action based on Art. I, § 14. Plaintiff cites no other authority to support his position. Accordingly, the court finds that the Board's Motion to Dismiss as to any state law claims is due to be **GRANTED**.

## CONCLUSION

The Board's Motion to Dismiss (doc. 9) is due to be **GRANTED**. The court will dismiss the Board from this lawsuit by separate Order.

DONE and ORDERED this 10th day of July, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE